**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **ANDREW REYES,** | : | |
| | : | |
| Petitioner, | : | **Civil Action No. 04-4950 (WJM)** |
| | : | |
| v. | : | **OPINION** |
| | : | |
| **K.J. WENDT, et al.,** | : | |
| | : | |
| Respondents. | : | |

**APPEARANCES:**

Andrew Reyes, Petitioner *pro se*
FCI Fort Dix
5756 Hartford & Pointville Road
Fort Dix, New Jersey 08640

**MARTINI**, District Judge:

Petitioner Andrew Reyes ("Petitioner"), a prisoner currently confined at the Federal

Correctional Institution-Fort Dix, in Fort Dix, New Jersey, submitted a petition for a writ of

habeas corpus pursuant to 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective

Death Penalty Act of 1996 ("AEDPA"), and an application for leave to proceed *in forma*

*pauperis* pursuant to 28 U.S.C. § 1915(a).  Petitioner's *in forma pauperis* application was

granted on November 22, 2004.  Respondents are Warden K.J. Wendt and the Attorney General

of the State of New Jersey.  For the reasons discussed below, the Court **DISMISSES** the petition

for habeas corpus as time-barred under 28 U.S.C. § 2244(d).

1

## I.      FACTUAL AND PROCEDURAL BACKGROUND

On March 26, 1997, Petitioner plead guilty to second degree eluding, in violation of

N.J.S.A. 2C:29-2, in the Superior Court of New Jersey, Trial Division.  (Petr.'s Mem. 2, Oct. 6,

2004.)  Petitioner did not pursue a direct appeal of this conviction.  On or about May 9, 1997,

Petitioner was sentenced to three years imprisonment.  *Id.* at 3.  In accordance with N.J. Ct. R.

2:4-1, forty-five days after entry of the criminal judgment, this conviction became final on June

23, 1997.  On April 12, 2001, Petitioner filed a petition for post-conviction relief ("PCR"), which

was subsequently denied by both the Superior Court's Trial Division and its Appellate Division.

*State v. Reyes*, A-3694-01T4 (N.J. Super. Ct. App. Div. July 30, 2003).  The New Jersey

Supreme Court denied certification on November 18, 2003.  (Petr.'s Mem. 3.)  On October 8,

2004, Petitioner submitted this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254

("Petition").  By Opinion and Order entered November 22, 2004, the Court granted Petitioner

thirty days to explain why his Petition is not barred by the one-year statute of limitations.  On

December 20, 2004, Petitioner responded to the Order and has recently submitted a Motion for

Decision.  (Petr.'s Mot. for Decision. Feb. 9, 2006.)  For the reasons below, the Court finds the

arguments unavailing.

## II.     STANDARD OF REVIEW

A *pro se* pleading is held to less stringent standards than more formal pleadings drafted

by lawyers.  *Haines v. Kerner*, 404 U.S. 519, 520 (1971) (citation omitted).  Therefore, a *pro se*

habeas petition and any supporting submissions must be construed liberally and with a measure

of tolerance.  *Royce v. Hahn*, 151 F.3d 116, 118 (3d Cir. 1998).  Nevertheless, a district court can

dismiss a habeas petition if it appears from its face that the petitioner is not entitled to relief.  *See Lonchar v. Thomas*, 517 U.S. 314, 320 (1996).  Although the statute of limitations is an affirmative defense, a district court may raise this issue *sua sponte* prior to ordering an answer. *Day v. McDonough*, 126 S.Ct. 1675, 1684 (2006).

## III.   STATUTE OF LIMITATIONS ANALYSIS

As amended by the AEDPA, 28 U.S.C. § 2244 sets a strict one-year limitations period on the filing of a federal habeas petition under 28 U.S.C. § 2254.  *See, e.g., Morris v. Horn*, 187 F.3d 333, 337 (3d Cir. 1999).  The one-year limitations period begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  The limitations period is tolled, however, for "the time during which a properly filed application for State post-conviction relief or other collateral review with respect to the pertinent judgment or claim [that] is pending."  *Id*. § 2244(d)(2).

Thus, in order to evaluate whether the Petition is timely, the Court must make a determination of, first, when the pertinent judgment became "final," and second, the period of time during which the PCR was "properly filed" and "pending."  A state-court criminal judgment becomes "final" within the meaning of § 2244(d)(1) by the conclusion of direct review or by the expiration of time for seeking such review, including the ninety-day period for filing a petition for writ of certiorari in the United States Supreme Court.  *Morris*, 187 F.3d at 337.  A PCR is considered "pending" within the meaning of § 2244(d)(2) from the time it is "properly filed," and during the period between a lower state court's decision and the filing of a notice of appeal to a

3

higher court.  *Cary v. Saffold*, 536 U.S. 214 (2002).  However, the time for filing a petition for writ of certiorari in the United States Supreme Court from the denial of a PCR does not toll the limitations period.  *Stokes v. Dist. Attorney of the County of Philadelphia*, 247 F.3d 539, 542 (3d Cir. 2001), *cert. denied*, 534 U.S. 959 (2001).

Given that Petitioner's conviction became final on June 23, 1997, the time for filing a petition for a writ of habeas corpus expired one year later, on June 23, 1998.  Petitioner did not submit his Petition until nearly six years after this period had expired.  Petitioner argues that the limitations period for his Petition began to toll on April 12, 2001, the date he filed his PCR application.  (Petr.'s Mot. to Show Cause 2-3.)  However, because by that time the AEDPA one-year statute of limitations had already expired, statutory tolling does not apply.[1]  Because the instant petition was filed nearly six years after the one-year statutory limitation for filing a federal habeas petition had expired, the Court finds that his Petition is time-barred by 28 U.S.C. § 2244(d).

## IV.    CERTIFICATE OF APPEALABILITY

The Court may issue a certificate of appealability ("COA") if a petitioner "has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2); *see* 3d Cir.

---

[1]And although the limitations period is also subject to equitable tolling, *Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir. 2001), *cert. denied*, 534 U.S. 944 (2001) (citation omitted), such tolling only applies when a petitioner has "exercised reasonable diligence in investigating and bringing the claims."  *Id.*  There are three enumerated circumstances that would permit equitable tolling: (1) the petitioner has been actively mislead; (2) the petitioner has timely asserted his rights mistakenly in the wrong forum; or (3) the petitioner has been prevented from asserting his rights in some extraordinary way.  *Id.*  Petitioner has submitted no evidence to show these are applicable to his case.

L.A.R. 22.2.  When a court denies a habeas petition on procedural grounds alone, a petitioner must demonstrate that jurists of reason would find it debatable: (1) whether the petition states a valid claim; and (2) whether the court was correct in its procedural ruling.  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Because the Court finds that reasonable jurists would not debate that the Petition is clearly time-barred, a COA will not issue.


**V.      CONCLUSION**

For the foregoing reasons, the Court finds that the petition for habeas corpus under 28 U.S.C. § 2254 is time-barred by § 2244(d), and the Court **DISMISSES** the petition accordingly.


               s/ William J. Martini
_____**William J. Martini, U.S.D.J.**

5

6